IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-10414

Summary Calendar

---

Ruth W. Atkins,

Plaintiff-Appellant,

versus

Shirley S. Chater

Defendant-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas
(4:93-CV-839)

---

December 1, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO GARZA, Circuit Judges.
PER CURIAM:[*]

This case is an appeal from a proceeding in the district
court under 42 U.S.C. § 405(g) to review that court's affirmance
of the Secretary of Health and Human Service's denial of
disability benefits under the Social Security Act. Ruth Atkins
applied for disability insurance benefits in January, 1992,

---

[*]Local rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

alleging a disability dating back to at least August, 1987 resulting from chronic pain in her hands, especially the left. The Secretary initially denied her application. Atkins requested and received a hearing before an administrative law judge, who affirmed the denial of benefits on the grounds that Atkins could perform sedentary work and could perform past relevant work. The Appeals Council denied Atkins' request for review, and she invoked section 405(g) in the district court. That court referred the matter to a magistrate judge, who recommended affirmance. The district court adopted the magistrate judge's recommendation, and Atkins appealed to this court.

Although Atkins' medical history is of some length, we need not review that history in this opinion because Atkins' appeal involves only legal issues.[1] We review these points of law de novo and attach no presumption of validity to the Secretary's rulings. Smith v. Schweiker, 646 F.2d 1075, 1076 (5th Cir. 1981).

Atkins raises three issues on her appeal.[2] First, she claims that the ALJ used an improperly restrictive definition of "medical evidence" in denying her benefits application. Second, she contends that the ALJ erred in refusing to consider the

---

[1] Atkins does not argue to this court that the Secretary's finding that she was not entitled to disability benefits lacked the support of substantial evidence.

[2] Atkins raises additional contentions in her reply brief. We will not, of course, consider arguments raised for the first time in a reply brief. McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984).

results of a consultation held in April, 1992.  Third, Atkins argues that the ALJ erred in failing to consult with the Medical Advisor to determine the onset date of the disability.

Regarding the first issue, Atkins cites <u>Ivy v. Sullivan</u>, 898 F.2d 1145, 1048-49 (5th Cir. 1990), for the proposition that "[m]edically acceptable evidence includes observations made by a physician during physical examination and is not limited to the narrow strictures of laboratory findings or test results." Atkins argues that the ALJ in this case committed an error similar to that in <u>Ivy</u> by basing the denial of benefits solely on the grounds that no physician was able to explain Atkins' hand pain or diagnose its cause.

We note initially that Atkins did not present this argument to the district court in her objections to the magistrate judge's recommendations, and only a very generous reading of her arguments to the magistrate judge allows us to conclude that even that officer was made aware of this ground for relief from the ALJ's judgment.[3]  These procedural defects aside, however, we find Atkins' argument meritless.  We need not comment on Atkins' interpretation of <u>Ivy</u> because the ALJ did not limit her consideration of the evidence in the manner Atkins suggests.

The ALJ proceeded in an unusual way.  She first found that Atkins failed to fulfill step three of the evaluative process, that is, that Atkins "did not meet or equal in severity any of

---

[3]  We note with some interest that the appellee did not chose to argue any sort of procedural default to this court.

3

the impairments contained in the Listing of Impairments." See 20 C.F.R. § 404.1520(d). It was in the process of making this finding that the ALJ made the comment which Atkins apparently finds objectionable, namely, that "the record is devoid of objective medical evidence to support a contrary conclusion." Normally, a finding that an applicant fails to pass step three makes consideration of steps four or five unnecessary. See 20 C.F.R. § 404.1520(a). The ALJ, however, then dedicated several pages of discussion to the question of whether Atkins fulfilled step four, i.e., whether Atkins was able to perform past relevant work. In that discussion, the ALJ considered all of the evidence, including Atkins testimony about the pain in her hands and fact that Atkins submitted to several surgical procedures in an effort to relieve this pain. The ALJ's step four conclusion was that Atkins was capable of performing past relevant work, and she supported her conclusion with findings that Atkins' testimony regarding pain was not credible, that no medical evidence supported this testimony, and that Atkins' physicians had released her to do light work.

The court below treated this case as a step four case, and given that most of the ALJ's attention appears to have been focused on step four, we will do so as well. As our review of the ALJ's findings illustrates, however, Atkins' argument lacks merit. The ALJ considered all of the evidence. She did not, as Atkins argues, require Atkins to show a definite medical explanation for the pain.

4

Next, Atkins argues that the ALJ erred in refusing to consider the results of a medical consultation taking place in April 20, 1992. The ALJ refused to consider the results of this exam because it was completed two and one-half years after the date that Atkins was last eligible for disability benefits. Again citing Ivy, Atkins argues that the 1992 consultation was relevant evidence and that the ALJ erred in not considering it.

We note that Atkins' second argument suffers from the same procedural defects as her first. These defects aside, we find that any error in the ALJ's decision to disregard the 1992 consult was harmless beyond a reasonable doubt. Atkins' has not quarreled with the ALJ's finding that this consultation added no significant new information to the proceedings, and our review of the results of this exam shows that this finding was supported by substantial evidence. In addition, as the ALJ explained, this examination provided additional evidence that Atkins had some use of her fingers and hands to perform basic household tasks. Finally, the ALJ had considered extensive medical records that predated December 31, 1989 regarding Atkins' hand condition, and these records were far more reliable indicators of Atkins' condition at that time then a consultation performed 30 months after the fact. Atkins has not demonstrated how consideration of the disregarded evidence could have affected the ALJ's result.

Citing Spellman v. Shalala, 1 F.3d 357, 362 (5th Cir. 1993), Atkins' lastly argues that the ALJ erred by finding that Atkins suffered from no disability prior to December 31, 1989 without

5

consulting the Medical Advisor as to the onset date of her disability.  <u>Spellman</u>'s requirement the ALJ consult with the Medical Advisor applies in cases in which a claimant has a disability and the entitlement issue turns on the date of that disability's onset.  <u>See</u> 1 F.3d at 360-61.  In this case, the ALJ found that Atkins suffered from no disability, and thus it is difficult to understand how a conversation between the ALJ and the medical advisor regarding the date of the onset of a disability could have helped Atkins obtain benefits.

AFFIRMED.